EXHIBIT

_3_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORIGINAL

F I L E D

APR 1 6 2015

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-

D-1 DAMIAN JACKSON,

                Defendant.

_____/

CRIM. NO. 14-CR-20450

HON. NANCY G. EDMUNDS

Offense (Violation):
Ct.1: False Claims Conspiracy
(18 USC § 286)

Maximum Possible Penalties:
Ct.1: 10 yrs. custody;
$250,000 fine

## **RULE 11 PLEA AGREEMENT**

      Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

D-1 DAMIAN JACKSON, defendant, and the government agree as follows:

1. **GUILTY PLEA**

      A.    Count of Conviction

      Defendant will enter a plea of guilty to Count One of the Indictment which

charges Conspiracy to Defraud the Government by Submitting False Claims, for

which the maximum penalty is 10 years' imprisonment, a $250,000 fine, 1-3 years

of supervised release and full restitution.

1

ORIGINAL

**B.**   **Elements of Offense**

The elements of Count One (False Claims Conspiracy) are: "(1) the defendant entered into a conspiracy to obtain payment or allowance of a claim against a department or agency of the United States; (2) the claim was false, fictitious, or fraudulent; (3) the defendant knew *or was deliberately ignorant* of the claim's falsity, fictitiousness, or fraudulence; (4) the defendant knew of the conspiracy and intended to join it; and (5) the defendant voluntarily participated in the conspiracy." *United States v. Dedman*, 527 F.3d 577, 593-94 (6th Cir. 2008).

**C.**   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

1. From about April 2009 through about August 2010, in the Eastern District of Michigan, D-1 DAMIAN JACKSON, agreed with his wife and named co-defendant, D-2 Holly Jackson, to file false tax returns, first for themselves, then, for a fee, for others as income tax return preparers, seeking grossly inflated income tax "refunds" to which the Jacksons or the others for whom they prepared returns, were not entitled;

2. D-2 Holly Jackson obtained a File Information Returns Electronically (FIRE) Account with the I.R.S., which allowed her to file various tax forms, including forms 1099-OID, electronically;

3. On April 13, 2009, the Jacksons filed an I.R.S. Form 1040 for tax year 2007, and an I.R.S. Form 1040x for tax year 2005, which claimed substantial 1099-OID income for each year, and reported that the I.R.S. had withheld $1,415,688 from that income in 2007 and $313,446 in 2005 when, in fact, no such income had been derived or withholding made;

4. On June 3, 2009, the Jacksons received a **"Frivolous Filing**

2

**Letter/Notification"** advising them that their 2006 1040x form, which made similar claims, was frivolous and that the refund would not be paid;

5. On July 27, 2009(Ct3), the Jacksons prepared and filed a 1040 for tax year 2008 which claimed a refund of $122,626 and withholding of $210,805.  The IRS did not issue this refund.  This refund was based on false 1099-OIDs created by the Jacksons to support the claim.  In fact, $0 was withheld and they were not entitled to a refund;

6. In August 2009, the Jacksons began preparing similar income tax returns for others, for a fee.  D-1 DAMIAN JACKSON would recruit the clients and prepare the returns, and D-2 Holly Jackson would file 1099-OID forms purporting to report substantial income and substantial I.R.S. withholdings.  The returns sought substantial refunds for these clients when, in fact, the I.R.S. had withheld nothing from 1099-OID income as it did not exist.  The Jacksons charged a fee *plus* a percentage of the refunds obtained for this service;

7. Altogether, from April 2009 through August 30, 2010, the Jacksons prepared at least 29 similarly false income tax returns, supported by similarly false 1099-OID forms which were electronically filed, claiming over $5.1million in 1099-OID refunds, of which $670,000 were paid;

8. In addition to the June 3, 2009 **"Frivolous Filing Letter/Notification"** the Jacksons received three similar letters/notifications on August 12, 2009 (one letter) and October 28, 2009 (2 letters), pertaining to the tax returns they filed either jointly or individually for tax years 2005-2008, which falsely claimed substantial 1099-OID's and refunds, notifying them that the returns and claims were frivolous and unwarranted, and denying them; but the Jacksons nevertheless prepared similarly false returns, and filed false 1099-OID forms, for at least 25 clients after October 28, 2009;

9. From May 24 through July 19, 2010, **Frivolous Filing Letters/Notifications** were also received by at least three of the Jackson's clients, about which the Jacksons became aware;

10. Yet, on August 30, 2010, the Jacksons prepared another tax return for a

3

client, and filed a corresponding 1099-OID form, showing that the client was entitled to a refund of $172,084 based on 1099-OID withholdings of $170,856, when no such withholding was made.

11. D-1 DAMIAN JACKSON knew that each of the above-noted tax returns he prepared were backstopped by 1099-OID forms created by Holly Jackson, which claimed the IRS "withheld" a large amount of money, comprising almost all of the "withholdings" claimed in the tax returns submitted for filing, from the taxpayer's 1099-OID earnings.
D-1 DAMIAN JACKSON also knew that the IRS did not, in fact, "withhold" funds from the taxpayers' earnings (including their own), yet prepared returns and used the 1099-OID forms to justify the large refunds they sought.

## 2.   SENTENCING GUIDELINES

### A.   Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B.   Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below,

defendant's guideline range is **30-37 months**, as set forth on the attached

worksheets.

If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **30-37 months**, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

### C.   Relevant Conduct

The parties stipulate and agree that the Court may consider, as relevant conduct when imposing sentence, all of the facts set forth in Paragraph 1(C), above. The parties stipulate further that the Court's restitution order may include losses occasioned by any of the conduct described in Paragraph 1(C) above as though it were the conduct of conviction.

### 3.   SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

5

### A.    Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

### B.    Supervised Release

A term of supervised release of one-three years follows the term of imprisonment. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.    Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.    Fine

There is no agreement on the fine.  The Court may impose a fine in any amount up to **$250,000,** but the parties agree that the fine range under the United States Sentencing Guidelines is $6,000 to $60,000.

### E.    Restitution

(a) The Court shall order restitution to every identifiable victim of defendant's offense and all relevant conduct described in Paragraph 1(c), above.

6

(b) The parties agree that the applicable amount of restitution for which this defendant is partially responsible is approximately **$670,342 (less any funds recovered by the I.R.S.),** payable to the United States Internal Revenue Service, not including any interest or penalties, which may be separately assessed by the Internal Revenue Service.

(c)  The defendant agrees that the total amount of restitution reflected in this agreement results, in part, from defendant's fraudulent conduct.

(d)  The Court's restitution order in this case for the false claims may be used by the IRS as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant understands and agrees that he does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

(e)  Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax that he agrees to pay as restitution. Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

7

(f) Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

(g) Defendant agrees that he is liable for the preparer/promoter penalty under 26 U.S.C. §§ 6694(b) or 6701, and the frivolous submission penalty under 26 U.S.C. §6702. Defendant agrees to the immediate assessment of the preparer/promoter and frivolous submission penalties, and agrees that, in order to enable the IRS to make an immediate assessment of the fraud penalty, the IRS form he agreed to sign above will include the appropriate amount of those penalties. Defendant agrees not to challenge or dispute any of these penalties on the tax returns he prepared as set forth in Paragraph 1(C), above .

(h) The parties understand that defendant will receive proper credit for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

(i) Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil

8

liabilities, including tax, additional tax, additions to tax, interest, and penalties,

owed to the IRS for the time periods covered by this agreement or any other time

period.

(j) Defendant understands that he is not entitled to credit with the IRS for

any payment sent to an incorrect address or accompanied by incomplete or

inaccurate information, unless and until any payment is actually received by the

Internal Revenue Service and identified by it as pertaining to his particular

liability.

**4.      Defendant's Obligations.**

Defendant agrees to assist the U.S. Attorney in the investigation and

prosecution of others involved in criminal activities, as specified below.

A.      Truthful Information and Testimony.  Defendant will provide truthful

and complete information concerning any illegal activities of which he has

knowledge.  Defendant will provide full debriefings as requested to the U.S.

Attorney, and federal, state, and local law enforcement agencies.  Defendant will

provide truthful testimony at all proceedings, criminal, civil, or administrative, as

requested by the U.S. Attorney.  Such testimony may include, but is not limited to,

grand jury proceedings, trials, and pretrial and post-trial proceedings.  Defendant

agrees to be available for interviews in preparation of all testimony.  Defendant

further agrees to submit, upon request, to government-administered polygraph examinations to verify defendant's full and truthful cooperation. Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

B.    Nature of Cooperation. Defendant agrees to cooperate in good faith, meaning that defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing. In other words, defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached this agreement because defendant was not specifically asked questions about those crimes, participants, or involvement. Defendant will notify the U.S. Attorney in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney. Defendant is not prevented in any way from providing truthful information helpful to the defense of any person. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

5.   **U.S. Attorney's Authority Regarding Substantial Assistance**

A.   Substantial Assistance Determination.  It is exclusively within the U.S. Attorney's discretion to determine whether defendant has provided substantial assistance in the investigation or prosecution of others, and has acted in good faith. Upon the U.S. Attorney's determination that defendant's cooperation amounts to substantial assistance, the U.S. Attorney, pursuant to 18 U.S.C. §3553(e) and §5K1.1 of the United States Sentencing Guidelines Manual, will either recommend to the court a sentencing range lower than that specified in paragraph 2, or will move for a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate. In either case, the sentence will be determined by the Court. The Court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement.

B.   Use of Information Against Defendant.  In exchange for defendant's agreement to cooperate with the U.S. Attorney, as outlined above, the U.S. Attorney agrees not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case.  Such information may be revealed to the court but may not be used against defendant in determining the sentence.  There shall be no such restrictions on the use of information: (1) previously known to law enforcement

11

agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) if this agreement is breached.

**6.   USE OF WITHDRAWN GUILTY PLEA**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

**7.   OTHER CHARGES**

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in this agreement, including the attached worksheets, and will move to dismiss Counts Two through Fifteen of the Indictment at the time of sentencing.

**8.   EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty

plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

9.   **RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the defendant properly raises such claim by collateral review under 28 U.S.C. § 2255.

If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

10.  **CONSEQUENCES OF GUILTY PLEA WITHDRAWAL OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If

13

additional charges are filed against defendant within six months after the date the

order vacating defendant's conviction or allowing him to withdraw his guilty pleas

becomes final, which charges relate directly or indirectly to the conduct underlying

the guilty pleas or to any conduct reflected in the attached worksheets, defendant

waives his right to challenge the additional charges on the ground that they were

not filed in a timely manner, including any claim that they were filed after the

limitations period expired.

## 11.   PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Attorney's Office for the Eastern District of

Michigan.

## 12.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates,

and any proffer agreement signed by the defendant, comprise the complete

agreement between the parties.  It supersedes all other promises, representations,

understandings, and agreements between the parties concerning the subject matter

of this plea agreement that are made at any time before the guilty plea is entered in

court.  Thus, no oral or written promises made by the government to defendant or

14

to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property by the United States or any other party.

## 13. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on April 3, 2015. The government

reserves the right to modify or revoke this offer at any time before defendant

pleads guilty.

BARBARA L. MCQUADE
*United States Attorney*

_____
JOHN K. NEAL
*Assistant United States Attorney*
*Chief, White Collar Crimes Unit*

Date: 3-24-15

_____
CRAIG A. WEIER
*Assistant United States Attorney*
*White Collar Crimes Unit*

Date: 3/24/15

     By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
LAURENCE C. BURGESS, ESQ.
*Counsel for Defendant*

Date: 4/16/15

_____
DAMIAN JACKSON
*Defendant*

Date: 4·16·15

16

| Defendant: | Damian Jackson | Count: | 1: False Claims Conspiracy |
|---|---|---|---|
| Docket No.: | 14-cr-20450 | Statute(s): | 18 USC 286 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a) | Base Level | 6 |
| 2B.1.1(b)(1)(K) | Intended Losses >$1million (appx $2m+ claimed; $670,342 paid) | +16 |
| | | |
| | | |
| | | |

### 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Damian Jackson | Count: | 1: False Claims Conspiracy |
|---|---|---|---|
| Docket No.: | 14-cr-20450 | Statute(s): | 18 USC 286 |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

$$\boxed{22}$$

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☑

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☑

A-2

| Defendant: | Damian Jackson | Count: | 1: False Claims Conspiracy |
|---|---|---|---|
| Docket No.: | 14-cr-20450 | Statute(s): | 18 USC 286 |

# WORKSHEET D (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

> 22

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

> -3

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 19

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.   Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a.   <u>Total Offense Level:</u>   If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

> 

   b.   <u>Criminal History Category:</u>   If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal   provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

> 

**6.   GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 30-37
>
> months

| Defendant: | Damian Jackson | Count: | 1: False Claims Conspiracy |
|---|---|---|---|
| Docket No.: | 14-cr-20450 | Statute(s): | 18 USC 286 |

7.  **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
    If the maximum sentence authorized by statute is below, or a minimum
    sentence required by statute is above, the guideline range entered in Item 6,
    enter either the guideline range as restricted by statute or the sentence
    required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of
    conviction is required by statute to be consecutive to the sentence on any
    other count of conviction, explain why.

    n/a

    months

| Defendant: | Damian Jackson | Count: | 1: False Claims Conspiracy |
|---|---|---|---|
| Docket No.: | 14-cr-20450 | Statute(s): | 18 USC 286 |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   [×] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony. If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [×] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (See U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Damian Jackson | Count: | 1: False Claims Conspiracy |
|---|---|---|---|
| Docket No.: | 14-cr-20450 | Statute(s): | 18 USC 286 |

**4.    SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐  1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒  2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐  3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐  4. The statute of conviction requires a minimum term of supervised release of _____ years.

c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.    RESTITUTION (U.S.S.G. § 5E1.1)**

☐  1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☒  2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $670,342 .

| Defendant: | Damian Jackson | Count: | 1: False Claims Conspiracy |
|---|---|---|---|
| Docket No.: | 14-cr-20450 | Statute(s): | 18 USC 286 |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $6,000 | $60,000 |

E-3

| Defendant: | Damian Jackson | Count: | 1: False Claims Conspiracy |
|---|---|---|---|
| Docket No.: | 14-cr-20450 | Statute(s): | 18 USC 286 |

### 7. SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $100_____.

### 8. FORFEITURE (U.S.S.G. § 5E1.4)

☐ Assets of the defendant will be forfeited.

☐ Assets of the defendant will not be forfeited.

### 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

_____

### 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

possible downward departure for substantial assistance.

E-4

(Rev. April 2014)